IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN WALBURN, | : | Civil No. 4:25-CV-477 |
| | : | |
| Plaintiff | : | (Magistrate Judge Carlson) |
| | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of Social Security,[1] | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I.    Introduction.

"It ain't over 'til it's over."

Yogi Berra.

The wisdom of the Baseball Hall of Famer, Yogi Berra, is a fitting metaphor

for this Social Security appeal which turns on two related questions regarding when

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

it is over; namely: (1) When is a disability regulatory change final; and (2) when is an agency disability determination final?

These two questions have relevance and resonance in the instant case because a potentially outcome determinative regulatory change defining the temporal scope of past relevant work, a term of art in this field, took place after the administrative law judge (ALJ) issued his decision denying Walburn's request for benefits but before the Appeals Council issued its agency decision denying Walburn's claim. At the time of the ALJ's decision, past relevant work was considered to include employment over the past fifteen years. Shortly after the ALJ rendered the decision in Walburn's case, finding at Step 4 that she could do past relevant work which she had performed over the prior fifteen years, the applicable regulation was changed to narrow the temporal scope of past relevant work to a five year window, a change which was deemed applicable to all pending cases. Thus, under the regulation in effect at the time of the Appeals Council ruling in January of 2025, the ALJ's decision to deny Walburn's claim at Step 4 based upon a finding that she could perform her past relevant work was highly problematic because, at that time, the definition of past relevant work only entailed work performed in the past five years, and the ALJ's decision expressly found that Walburn had not engaged in any substantial gainful activity in the past five years.

At the time that the Appeals Council took this action it informed Walburn that: "We applied the laws, regulations and rulings in effect as of the date we took this action." (Tr. 1). That statement appears to have been in error, since the ALJ decision it affirmed relied upon what was an outdated definition of past relevant work which was no longer applicable at the time of the January 2025 Appeals Council's decision. Further, the change in this definition of past relevant work was potentially outcome determinative since it appeared that Walburn had been unable to work during the past five years, precluding a Step 4 finding under the current regulations.

On these facts, we are mindful that it is only: "[w]hen the Appeals Council denies review, [that] the ALJ's decision becomes the final decision of the Commissioner." Schaaf v. Astrue, 602 F.3d 869, 874 (7th Cir. 2010). This basic tenet of Social Security practice strongly suggests that Walburn's case remained pending at the time of this regulatory change, and therefore the new regulation in effect in January of 2025 should have been considered by the Commissioner before the Appeals Council rendered its final decision. Further, we note that the Appeals Council's decision actually—but erroneously—stated that it was applying the January 2025 regulations and policies when it rendered the agency's final decision in Walburn's case. However, we need not ultimately decide this question since the

course we should follow is dictated by another tenet of administrative law; namely, the principle that: "if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." Ingram v. Barnhart, 303 F.3d 890, 893 (8th Cir. 2002).

Accordingly, we will remand the case so the Commissioner may, in the first instance, determine the effect of this agency policy change upon Walburn's case.

## II.    Statement of Facts and of the Case

On January 3, 2022, the plaintiff, Dawn Walburn, filed a Title II application for a period of disability and disability insurance benefits with the Social Security Administration alleging an onset of disability beginning February 26, 2018. (Tr. 17). In this application the plaintiff indicated that she was disabled due to lumbar anterolisthesis and foraminal stenosis, obesity, and polyneuropathy. (Tr. 20). Walburn was born in March of 1969 and was 49 years old on the alleged onset date. (Tr. 56). During the disability proceedings, she transitioned age categories to an individual closely approaching advanced age at the time his application was being adjudicated. (Tr. 57).

Walburn had not engaged in any substantial gainful activity from her alleged onset date of February 26, 2018, through her date last insured of December 31, 2023.

4

(Tr. 20). Thus, she had been unemployed for more than five years. She had, however, worked in the remote past as a cashier from 2013 to 2017. (Tr. 29).

The timing of Walburn's last relevant work was significant given the unusual facts of this case since at the time of Walburn's disability application and up through the date of the ALJ's decision the definition of past relevant work "was work an individual did within the past *15 years*, that was SGA [substantial gainful activity], and that lasted long enough for the individual to learn how to do it." Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work, 89 FR 27653-01, 2024 WL 1665873 (April 18, 2024) (emphasis added). On April 18, 2024, the Commissioner enacted a final rule revising the temporal scope of this past relevant work inquiry, narrowing the scope of the inquiry from fifteen to five years. Id. In making this regulatory change, the Commissioner expressly stated that: "We will apply the final rule and all procedures set forth therein, as previously described in the originally published final rule, *to all claims newly filed and pending beginning on June 22, 2024*." Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work; Deferral of Effective Date, 89 FR 48138-01, 2024 WL 2831350 (June 5, 2024) (emphasis added).

The chronology of this case reveals that it fell within an interstitial gap in this rule-making process and discloses latent ambiguities in agency decision-making. An ALJ conducted a hearing in Walburn's case on January 9, 2024. (Tr. 35-55). Following this hearing, the ALJ issued a decision denying Walburn's claim on March 28, 2024. (Tr. 14-34).

In that decision, the ALJ first concluded that Walburn met the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 20). Significantly, the ALJ also expressly found that Walburn "did not engage in substantial gainful activity during the period from her alleged onset date of February 26, 2018, through her date last insured of December 31, 2023." (Id.) Thus, the ALJ's decision explicitly concluded that she had no past relevant work during the preceding five years.

At Step 2 of the sequential analysis that governs Social Security cases, the ALJ found that the plaintiff suffered from the following severe impairments: lumbar anterolisthesis and foraminal stenosis, obesity, and polyneuropathy. (Id.) At Step 3 the ALJ determined that Walburn did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Tr. 22-23).

The ALJ then fashioned the following RFC for Walburn:

>   After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. The claimant can frequently work at unprotected heights, moving mechanical parts and in vibration.

(Tr. 23).

On the basis of this determination, the ALJ found at Step 4 that Walburn could perform her past relevant work as a cashier. However, this Step 4 finding was plainly premised upon the notion that past relevant work entailed work undertaken in the past fifteen years, a benchmark the Commissioner has now abandoned. As the ALJ observed:

>   The claimant performed this job from June 2012 to March 2018, which was within the past 15 years. Cashier is a light unskilled job with an SVP of 2 that would require anything beyond a short demonstration up to and including 1 month to master the skill level for the job. . . . . Her cashier position was worked within the past 15 years, she earned over SGA maximum amounts, and she worked in the position long enough to establish the skill level to master the position. As such, her description of the cashier position, the years she worked it, her pay rate and her length of employment made this job "past relevant work" during the 2013 to 2017 period that she worked.

(Tr. 29). Thus, the ALJ's Step 4 finding expressly rested upon a past relevant work determination which entailed work performed more than five years ago, but less than fifteen years ago. Further, the ALJ's decision stopped at Step 4, and did not continue

7

on to the final, fifth step of any disability analysis, a determination of whether other jobs existed in the national economy which Walburn could perform. (Tr. 29-30). Having made this Step 4 determination based upon Walburn's remote work history, the ALJ found that she had not met the standard for disability and denied her claim. (Id.)

Walburn timely sought Appeals Council review of this ALJ decision. (Tr. 148). While this case was pending on review before the Appeals Council, the Commissioner enacted the revised definition of past relevant work which reduced the relevant time frame for this determination from fifteen to five years, a change which was highly material in Walburn's case given the ALJ's finding that she had not worked during the past five years. And, as we have noted, the Commissioner provided that: "We will apply the final rule and all procedures set forth therein, as previously described in the originally published final rule, to all claims newly filed and pending beginning on June 22, 2024." Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work; Deferral of Effective Date, 89 FR 48138-01, 2024 WL 2831350 (June 5, 2024).

The Appeals Council ultimately denied administrative review of this ALJ decision on January 27, 2025, some seven months after the definition of past relevant work had been revised by the agency. (Tr. 1-6). In doing so, however, the Appeals

Council created an additional level of confusion and ambiguity in this case since its January 27, 2025, decision stated that: "We applied the laws, regulations and rulings in effect as of the date we took this action." (Tr. 1). This averment is plainly incorrect since the Commissioner affirmed an ALJ decision which relied upon a definition of past relevant work which clearly was not in effect at the time of the Appeals Council's action. However, this inherent contradiction was apparently unnoticed at the time of this final agency action.

This appeal followed. (Doc. 1). On appeal, the plaintiff argues, *inter alia,* that a remand is necessary in order to enable the Commissioner to clarify the inherent ambiguities and contradictions in this decision regarding the relevant temporal scope of a past relevant work determination on the unusual facts of this case and in light of this change in regulations. We agree and will order this case remanded for further consideration by the Commissioner.

## III.    <u>Discussion</u>

### A.    <u>This Case Will Be Remanded to Enable the Commissioner to Address Unresolved and Material Questions Concerning the Regulatory Change in the Definition of Past Relevant Work.</u>

Social Security disability determinations are governed by a familiar five-step paradigm. To receive benefits under the Social Security Act by reason of disability, a claimant must demonstrate an inability to "engage in any substantial gainful

9

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A); 42 U.S.C. §1382c(a)(3)(A); see also 20 C.F.R. §§404.1505(a), 416.905(a). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a). To receive benefits under Title II of the Social Security Act, a claimant must show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured. 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).

In making this determination at the administrative level, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. §§404.1520(a), 416.920(a). Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age,

education, work experience and residual functional capacity ("RFC").  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

As we have noted, with respect to this Step 4 past relevant work determination, a decision which lies at the heart of the instant case, the temporal scope of this inquiry shifted while this case was under agency review. At the time of Walburn's disability application, and up through the date of the ALJ's March 2024 decision denying her application for benefits, the definition of past relevant work "was work an individual did within the past *15 years*, that was SGA [substantial gainful activity], and that lasted long enough for the individual to learn how to do it." Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work, 89 FR 27653-01, 2024 WL 1665873 (April 18, 2024) (emphasis added). On April 18, 2024, the Commissioner enacted a final rule revising the temporal scope of this past relevant work inquiry, narrowing the scope of the inquiry from fifteen to five years. Id. In making this regulatory change, the Commissioner expressly stated that: "We will apply the final rule and all procedures set forth therein, as previously described in the originally published final rule, *to all claims newly filed and pending beginning on June 22, 2024.*" Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work; Deferral of Effective Date, 89 FR 48138-01, 2024 WL 2831350 (June 5,

11

2024) (emphasis added). Thus, the new rule truncating the scope of this inquiry was enacted after the ALJ decision but was in effect for some seven months prior to the Appeals Council's January 2025 action sustaining that decision, a ruling which erroneously stated that: "We applied the laws, regulations and rulings in effect as of the date we took this action." (Tr. 1).

Presented with these ambiguities and inherent contradictions in the agency's statements regarding which rules it applied in Walburn's case, the plaintiff urges us to remand this case. For its part, the Commissioner insists that there is no ambiguity here since the ALJ's March 2024 decision was the "final" action of the agency, and correctly applied the rule which was in effect in March of 2024, a rule which defined past relevant work as employment over the past fifteen years.

We disagree. At a minimum we find that the confusion and ambiguity here compels a remand in order to allow the Commissioner to address this latent uncertainty regarding which rules applied in Walburn's case.

The lynchpin of the Commissioner's argument on this score is its assertion that the March 2024 ALJ decision was a "final" agency action and under Yogi Berra's analogy at that time the agency proceedings were over. The Commissioner must take this position since to argue otherwise would compel a remand given the agency regulatory guidance that this change in the scope of past relevant work

applies to all claims pending in June of 2024. <u>Intermediate Improvement to the</u>

<u>Disability Adjudication Process, Including How We Consider Past Work; Deferral</u>

<u>of Effective Date</u>, 89 FR 48138-01, 2024 WL 2831350 (June 5, 2024).

In our view there are at least three difficulties with the Commissioner's

position regarding the timing of finality of this particular agency decision. First, this

contention is at odds with the familiar proposition that it is only: "[w]hen the Appeals

Council denies review, [that] the ALJ's decision becomes the final decision of the

Commissioner." <u>Schaaf v. Astrue</u>, 602 F.3d 869, 874 (7th Cir. 2010). Indeed, cases

are legion that an ALJ decision only becomes the final decision of the agency after

the Appeals Council denies the claimant's request for review.[2] As the United States

Court of Appeals for the Third Circuit has aptly observed in disability cases: "the

Social Security Appeals Council's decision is the Commissioner's final

determination." <u>Williams v. Comm'r of Soc. Sec.</u>, 43 F. App'x 465, 467 (3d Cir.

2002).

This settled tenet of Social Security practice wholly undermines the

Commissioner's argument that the ALJ decision constituted the final agency action

---

[2] <u>See e.g.</u>, <u>Liskowitz v. Astrue</u>, 559 F.3d 736, 739 (7th Cir. 2009); <u>Hite v. Saul</u>, 457
F. Supp. 3d 1175, 1186 (D.N.M. 2020); <u>Copeland v. Astrue</u>, 776 F. Supp. 2d 828,
835 (N.D. Ind. 2011); <u>Bednar v. Apfel</u>, 90 F. Supp. 2d 963, 971 (N.D. Ill. 2000).

in this case and may be fatal to any effort to avoid application of the most recent iteration of the agency's prior relevant work rule to Walburn. Simply put, if the agency's decision was not final until the Appeals Council ruled in January of 2025, then it follows that this case was still pending agency review in June of 2024 when the newly enacted prior relevant work rule began to apply to all claims newly filed and pending. See 89 FR 48138-01, 2024 WL 2831350 (June 5, 2024).

Second, this argument fails because it ignores the inherent confusion created by the Appeals Council's stated rationale for its decision, a ruling which explicitly but erroneously stated that: "We applied the laws, regulations and rulings in effect as of the date we took this action." (Tr. 1). This assertion is simply incorrect. By affirming an ALJ decision which found that work undertaken by Walburn more than five years ago, but less than fifteen years ago, was past relevant work the Appeals Council plainly did not apply the laws, regulations and rulings in effect as of the date when they took this action, January of 2025. Quite the contrary, it is abundantly clear that the rule in effect at the time of the Appeals Council action would have limited this inquiry to a five-year period, a timeframe in which the ALJ found that Walburn had performed no work whatsoever.

Finally, given these inconsistencies and contradictions in the agency's analysis of the prior relevant work rule as it applies in Walburn's case the

14

Commissioner's argument rules afoul of yet another principle of judicial review in this field, the concept that: "if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." Ingram v. Barnhart, 303 F.3d 890, 893 (8th Cir. 2002).[3]

Here we are presented with an agency policy change which arguably took place during the pendency of Walburn's agency proceedings and potentially affects the outcome of these proceedings. Moreover, some of the agency's own statements regarding which policy it applied in resolving Walburn's case are either inconsistent or demonstrably incorrect. In such a setting, a remand to allow the agency to clarify the application of its policies to this case is fully warranted and necessary.

Finally, the Commissioner attempts to avoid a remand by arguing that any error or confusion in the application of the prior relevant work rule was harmless. We disagree. It is well settled that Social Security appeals are subject to harmless error analysis. Seaman v. Soc. Sec. Admin., 321 Fed.Appx. 134, 135 (3d Cir. 2009). While we are enjoined to apply "harmless error analysis cautiously in the

---

[3] See e.g., Sloan v. Astrue, 499 F.3d 883, 889 (8th Cir. 2007); Wellenstein v. Colvin, No. C 14-4043-MWB, 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015).

administrative review setting," <u>Fischer–Ross v. Barnhart</u>, 431 F.3d 729, 733 (10th Cir. 2005), it is also clear that:

> Under the harmless error rule, an error warrants remand if it prejudices a party's "substantial rights." An error implicates substantial rights if it likely affects the outcome of the proceeding, or likely affects the "perceived fairness, integrity, or public reputation of judicial proceedings."

<u>Harrison v. Berryhill</u>, No. 3:17-CV-618, 2018 WL 2051691, at *5 (M.D. Pa. Apr. 17, 2018), <u>report and recommendation adopted,</u> No. 3:17-CV-0618, 2018 WL 2049924 (M.D. Pa. May 2, 2018) (quoting <u>Hyer v. Colvin</u>, 72 F. Supp. 3d 479, 494 (D. Del. 2014)).

In this case, the ALJ's analysis of Walburn's disability claim ended at Step 4. Further, the lynchpin of that Step 4 analysis was the ALJ's conclusion that Walburn's past relevant work entailed work performed more than five years ago, but less than fifteen years ago. Additionally, the ALJ's decision stopped at Step 4, and did not continue on to the final, fifth step of any disability analysis, a determination of whether other jobs existed in the national economy which Walburn could perform. (Tr. 29-30). Thus, the Step 4 decision is the sole basis for denying this claim. Finally, the ALJ expressly found that Walburn had not worked in the five years immediately preceding this decision, a finding which under the current regulations seems to compel a contrary conclusion at Step 4; that is, a finding that Walburn could not do

16

past relevant work she since had not engaged in any such work for the past five years. Given this constellation of facts, we believe that the agency's confusion and inconsistencies regarding which version of the regulation applies to Walburn's case likely affects the outcome of the proceeding, and also likely affects the perceived fairness, integrity, or public reputation of these proceedings. Therefore, this error cannot be deemed harmless, and a remand is warranted here.

Yet, while we reach this result, we note that nothing in this Memorandum Opinion should be deemed as expressing a judgment on what the ultimate outcome of any remand should be. Rather, the task should remain the duty and province of the ALJ on remand. Further because we are remanding on this specific ground, we need not address any other claims of error in this case. Those matters may be taken up by the ALJ upon remand.

## IV.    <u>Conclusion</u>

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's request for a new administrative hearing is GRANTED, the final decision of the Commissioner denying these claims is vacated, and this case is remanded to the Commissioner to conduct a new administrative hearing.

An appropriate order follows.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: December 22, 2025